WILLIAM B. SHURTLEFF, APPELLEE, v. ALBERT PICK & COMPANY, APPELLANT.

FILED APRIL 4, 1919. No. 20371.

1. **Contracts:** REFORMATION. Equity has jurisdiction to reform a written contract, when there has been a mistake of one party and there has been fraud or other inequitable conduct by the other party in reducing the contract to writing.

2. ———: FRAUD: NEGLIGENCE. A party is not chargeable with negligence in signing a contract that does not express the true intent of the parties, when there is nothing on the face of such contract from which an ordinarily prudent man would reasonably be expected to discover a fraudulent misstatement of a material fact by the other party, who reduced such contract to writing.

3. **Damages:** MITIGATION. Where goods of the quality ordered are not delivered, the vendee is not required to purchase goods on the open market of the quality ordered of the vendor, in mitigation of damages, while negotiations for a settlement are pending.

APPEAL from the district court for Lancaster county: FREDERICK E. SHEPHERD, JUDGE. *Affirmed.*

*Fawcett & Mockett,* for appellant.

*C. C. Flansburg, contra.*

DEAN, J.

Plaintiff sued defendant, a Chicago firm, for reformation of a contract and for damages for alleged failure to deliver a shipment of rugs of the quality and at a price agreed on by the parties. He recovered judgment against defendant on the contract as reformed for $946.01. Defendant appealed.

Plaintiff contends that he was shown a sample rug of a superior grade that is known to the trade as "Bigelow Electria" and that defendant represented to him and agreed that the shipment that he ordered would be the same as the sample in all material respects. Defendant denied that the order was made from the sample, and contends that it was made from defendant's catalogue, and that a grade of rugs inferior to the Bigelow and at a lower price was ordered.

Defendant's traveling salesman took plaintiff's signed order for the rugs. The order or contract was written by the salesman. Plaintiff and two witnesses, Mr. Guenzel and Mr. Morris, testified that the salesman told them at plaintiff's office that his company would furnish Bigelow rugs to plaintiff in the 9 x 15 and 11¼ x 12 sizes at $24 each.

Defendant's illustrated catalogue consisting of almost 500 pages is in evidence. Plaintiff testified that he did not see the catalogue, and that the salesman did not even refer to it. The salesman denied this, and testified that plaintiff found a cheaper rug that he ordered at the catalogue price.

It seems from the salesman's testimony that he is mistaken on this point. He testified that he wrote the contract in the presence of plaintiff, and that he took the rug numbers and the sizes of the rugs and the prices from the catalogue and wrote them in the order. But the price of 9 x 15 and 11¼ x 12 rugs that are numbered in the catalogue as 17E624 and 17E625 is $17.75, while the price for the rugs that are designated in the contract by the same catalogue number and size are charged in the contract to plaintiff at $24. Plaintiff was therefore charged in the contract for an inferior rug the same price that was quoted to him by defendant's salesman in the presence of Mr. Guenzel and Mr. Morris for the Bigelow rug. On this point the evidence is clear and convincing that the written contract did not express the contract as made between the parties. Hence the contract was a proper subject for reformation.

There is sufficient evidence to support the court's finding: "That after plaintiff and defendant's agent had specifically agreed upon the said rugs    *    *    * above described (Bigelow Electria) according to the specific description and samples then and there shown to the plaintiff, the defendant's said agent fraudulently and surreptitiously wrote said contract describing said rugs    *    *    * by numbers and falsely and fraudulently representing to the plaintiff that said numbers were known to the company to cover these specific articles above mentioned, rugs    *    *    * which the plaintiff and defendant's agent had agreed upon." The court did not err in ordering a reformation of the contract to conform to "the real agreement of the parties for Bigelow Electria rugs." It is elementary that equity has jurisdiction to reform a written contract where there has been a mistake of one party and there has been fraud or other inequitable conduct by the other party. 34 Cyc. 920; 2 Pomeroy, Equity Jurisprudence (3d ed.) sec. 870; 10 R. C. L. 301; 23 R. C. L.

329. The present case seems clearly to come within the rule.

Defendant says that plaintiff was negligent. There is nothing on the face of the contract from which an ordinarily prudent man in plaintiff's position could reasonably be expected to discover that the agent had written an order for a rug that was inferior to the Bigelow. There is nothing in the contract, as written by him, that is of a descriptive nature, except the catalogue number, the size of the rugs, and the price. It seems to us that under the circumstances, and in view of the record generally, plaintiff is not chargeable with negligence in signing the contract.

Defendant's argument that damage has not been shown and that the court erred in rendering judgment therefor is not tenable. Ninety-six rugs of varied design and pattern were ordered, and plaintiff obtained samples from which selections might be made. When the samples came he said he discoverd they were inferior to the sample from which he ordered, and he at once informed the agent, who admitted a mistake had been made that defendant would rectify. The shipment was not made by defendant, and negotiations for settlement were pending between the parties from the time that plaintiff received the samples and complained to the agent until suit was commenced. It was shown that rugs of the quality ordered by plaintiff advanced materially in price between the date of the contract and the commencement of this action. It seems that the amount of the advance in price on such rugs is approximately the amount of the judgment. Defendant's argument is that plaintiff "made no attempt, on or about December 10, 1916, the last date when by the terms of the written contract defendant should have delivered the property in controversy, to purchase the articles specified in the contract on the open market, or at all." In view of the negotiations

for a settlement, plaintiff was under no obligation to purchase rugs "on the open market, or at all," while such negotiations were pending. The court did not err in the respect noted by defendant.

We do not find reversible error. The judgment is

AFFIRMED.

SEDGWICK and CORNISH, JJ., not sitting.