432

WILLIAM H. SMOKE, APPELLANT, V. ELSIE POPE, APPELLEE.

FILED FEBRUARY 28, 1930.   No. 27105.

Allen G. Fisher and Charles A. Fisher, for appellant.

E. D. Crites and F. A. Crites, contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON, EBERLY and DAY, JJ.

ROSE, J.

This is a suit in equity to reform and to specifically enforce a written contract for the sale and purchase of 30 acres of land in the southwest quarter of section 19, township 33, range 48, Dawes county. The quarter section described is bounded on the west and south by section-line highways. East and west the 30-acre tract is 2,580.5 feet long. North and south it is 505.5 feet wide. Its west end is 33 feet from the section line or from the center of the highway running north and south and its south side is 33 feet from the section line or from the center of the highway running east and west. It does not include any land

occupied by the section-line highways. William H. Smoke is plaintiff and, by purchase from Elsie Pope, defendant, claims the 30-acre tract described. Defendant asserted that the land sold by her to plaintiff extends to the section lines or to the center of the highways on the west and south; that it was so described in the contract of sale and that she tendered a deed conforming thereto; that she sold and conveyed to Clarence E. Chamberlain a 50-acre tract north of the 30-acre tract sold to plaintiff; that the deed to Chamberlain contained two acres of land along the north side of the strip claimed by plaintiff; that defendant, not being the owner of the two acres of land in controversy, cannot convey it to plaintiff. The pleadings put in issue the facts in controversy. Upon a trial of the cause the district court found generally in favor of plaintiff and reformed his contract of purchase so as to include the two acres in litigation but did not decree specific performance of the contract as reformed or require defendant to execute and deliver to plaintiff a warranty deed for the 30 acres of land described in the petition. To obtain complete relief plaintiff appealed.

From that part of the decree reforming the contract neither party appealed. In restoring the terms upon which the parties definitely and specifically agreed the district court made no mistake. No other conclusion could properly be reached upon a trial *de novo*. Defendant sold and plaintiff purchased 30 acres of land free from incumbrances and easements. The western and southern boundaries of the tract were definitely pointed out to plaintiff by defendant and were east and north of the highways. The purchase price was $60 an acre. Plaintiff made a cash payment of $100 and paid the remainder, or $1,700, before maturity and before receiving a deed or an abstract. He was not estopped by the erroneous description in the written instrument. He refused to accept the deed describing the western and southern boundaries as the center of the highways. He took and continuously retained possession of the 30-acre tract east and north of the highways. He fenced the

premises in fact purchased and made other valuable and lasting improvements thereon. He refused to surrender to defendant or to her grantee, Chamberlain, any part of the land which he claims to have purchased. That part of the decree reforming the contract, therefore, will not be disturbed.

Was plaintiff entitled to a decree requiring defendant to execute and deliver to him a warranty deed for the 30 acres of land described in the contract as reformed? While the record shows that defendant entered into a subsequent contract to sell and convey to Chamberlain two acres of land she had previously sold to plaintiff and that she afterward executed and delivered a deed therefor, this is no defense whatever to the suit in equity for specific performance of her reformed contract with plaintiff. Chamberlain was not an innocent purchaser of the two-acre strip of land. Before accepting his deed and before parting in full with the purchase price of the 50-acre tract which he had agreed to purchase from defendant, he knew that plaintiff was in possession of the 30-acre tract on the south, including the two acres of land in controversy. Chamberlain also knew the nature of plaintiff's claim to his right of possession. This is conclusively shown by the evidence. Possession was notice to the world of possessory rights of which inquiry of the occupant would elicit knowledge. In entering into a contract to purchase land in possession of plaintiff, Chamberlain was bound to inquire about the former's interest therein. *Dengler v. Fowler*, 94 Neb. 621.

In an independent action at law, Chamberlain proceeded against Smoke by forcible entry and detainer to acquire possession of the identical two acres involved in the present suit in equity. The district court for Dawes county, wherein the action was pending, found the issues in favor of Smoke, specifically recognized his equitable right to a reformation of his contract to purchase the 30-acre tract so as to include the two acres of land now in litigation and dismissed the action at law. A copy of the final judgment therein was

admitted as evidence in the equity suit. The law applicable to the facts therein has been stated as follows:

"A party who purchases real estate with knowledge that another has a contract of purchase for the same is not a *bona fide* purchaser; and if he acquires such knowledge at any time before the payment of the consideration, he will not be protected as a purchaser in good faith." *Veith v. McMurtry*, 26 Neb. 341; *Barney v. Chamberlain*, 85 Neb. 785. See, also, *Bowman v. Griffith*, 35 Neb. 361; *Dundee Realty Co. v. Leavitt*, 87 Neb. 711; *McParland v. Peters*, 87 Neb. 829.

The conclusion is that plaintiff was entitled to specific performance of his contract of purchase as reformed and the decree of the district court will be modified accordingly.

Another question is presented for determination. By pleading and proof plaintiff sought to recover attorney's fees and other expenses of litigation as damages resulting from defendant's breach of her contract to convey the entire tract of land sold and for which she received payment in full. The claim therefor was rejected below and plaintiff presented it for allowance on appeal. Expensive litigation was caused by defendant's breach of contract, but the law does not seem to authorize a recovery for such a claim. *Toop v. Palmer*, 108 Neb. 850.

The decree of the district court is modified to require specific performance by ordering defendant to execute and deliver to plaintiff a good and sufficient warranty deed to the 30 acres of land described in the contract as reformed. In the event of her failure to do so, the decree as so modified will operate as such a conveyance. The costs in both courts will be taxed to defendant. As thus modified, the decree of the district court is affirmed.

AFFIRMED AS MODIFIED.