YANT CONSTRUCTION COMPANY, APPELLANT, V. VILLAGE OF CAMPBELL ET AL., APPELLEES.

FILED JUNE 10, 1932. No. 28022.

Bernard McNeny, James T. English, J. S. Gilham and L. A. Sprague, for appellant.

Kennedy, Holland & DeLacy, Ralph E. Svoboda and Leon Samuelson, contra.

Heard before GOSS, C. J., DEAN, GOOD, DAY and PAINE, JJ., and LANDIS, District Judge.

GOOD, J.

This is an action to recover a balance alleged to be due on a contract for paving, curbing, guttering and graveling of certain streets in improvement district No. 1, in defendant village. Defendant admitted the making of the contract, part performance by plaintiff, and alleged payment of all the contract price except $1,800; further alleged that, by agreement between the parties, this amount was withheld by defendant until plaintiff should complete performance of the work contemplated by the contract, and that plaintiff never did complete the work it had contracted to perform. Defendant also alleged that the work was neither commenced nor completed within the time limit fixed by the contract, and that, by reason of a provision in the contract, defendant was entitled to withhold $200 a month for four months' delay in completing the work; also that defendant had been compelled to expend

more than $1,000 to complete the work which plaintiff should have performed. By way of reply, plaintiff alleged that the contract was completely performed, the work accepted by defendant, and that defendant, having accepted the work, is now estopped to deny that it was completed in accordance with the terms of the contract. The trial resulted in a verdict and judgment thereon for defendant. Plaintiff has appealed.

The total amount that defendant agreed to pay plaintiff for the completed work contemplated by the contract was $20,041.78. The contract was entered into in June, 1925, and contained this clause: "The contractor agrees to start this work on or before July 15, 1925, and to complete same on or before the 1st day of September, 1925, and to reimburse the Village of Campbell at the rate of $200 per month for any extra time that may be required to complete said work."

The evidence discloses that plaintiff did not commence the work until about the 1st of September, 1925, and performed none after the latter part of December, 1925. There seems to be no question that the work of paving, curbing and guttering was properly performed. The controversy as to the uncompleted work relates solely to the graveling of certain streets.

There are numerous assignments of error, but plaintiff states in its brief: "The only real questions in this case are—(1) whether the contract at the time Yant left the job was fully performed and completed (notwithstanding that Yant had a man do a little more dragging to satisfy the Board) as shown by the testimony; and (2) whether its certificate of completion and acceptance as is contended estops the defendant from claiming otherwise; and (3) was there any legal authority under the evidence justifying the deduction of $800 of the money due the plaintiff from the provisions of the contract with reference to reimbursement of the Village of Campbell at the rate of $200 per month for any extra time that may be required to complete the work."

The evidence on behalf of plaintiff tends to prove that the work was completed according to plans and specifications late in December, 1925. Evidence on behalf of defendant tends to prove that a considerable part of the graveling was not leveled and packed, as provided by the contract. The contract called for a completed packed gravel job; that 15 per cent. of clay should be thoroughly mixed with the gravel as a binder, and that it "shall be rolled with a multi wheel roller until thoroughly compacted and the roller makes no appreciable track thereon, and the rolled surface conforms to the proper cross section." Defendant's evidence tends very strongly to prove that the greater part of the gravel was not properly rolled until compacted; that the gravel was so loose that a person could put his foot through it to its full depth; that a proper multi wheel roller was not used. There was evidence, too, that plaintiff recognized the work as not meeting the requirements of the contract; that plaintiff agreed to complete the work the following spring; that in the meantime defendant should retain $1,800 of the contract price, until the work was fully completed; that the following spring plaintiff offered to return and complete the work on condition that defendant would discharge its engineers, but would not do so unless the engineering company was discharged. Defendant refused to comply with the demand, and plaintiff did not return to do any further work. This evidence presented an issue of fact for the jury.

It is a well-established principle that in a law action the finding of the jury, based on conflicting evidence, will not be disturbed unless clearly wrong. Upon consideration of the entire record, we are satisfied that the finding of the jury on this question was amply sustained by the evidence.

December 29, 1925, defendant accepted the work as completed and used the record of acceptance as a basis for the history of a bond issue. Plaintiff contends that this fact now estops the defendant from asserting that

the work was not completed according to the terms of the contract, and cites some cases tending to support this view. There is evidence that the acceptance of the work was conditional; that defendant was desirous of issuing bonds bearing 5½ per cent., to take up warrants previously issued for work done, and which were bearing 7 per cent.; that, in a conversation between an officer of plaintiff and the chief engineer of the defendant, it was agreed that a reasonable amount of the contract price be retained by the defendant until the work was completed at a later date; that acceptance would be made by the defendant for the purpose of using it as a history for the bond issue, but that, notwithstanding the acceptance, plaintiff was to return and finish the work in the spring of 1926.

If there was an irregularity or fraud in the acceptance of the work before it was completed, may plaintiff, who was a party thereto, take advantage of that irregularity or fraud to enable it to receive compensation for work which it had not performed? Were this an action by the holder of bonds that were issued, and who had purchased them, relying upon the history, it is probable that the defendant would be estopped from showing that the acceptance was conditional. We fail to perceive from the record how plaintiff was injured by this acceptance or that it had changed its position to its disadvantage by reason thereof. To permit plaintiff to recover in this action for work which it had not performed would be to permit it to profit by a wrong to which it was a party.

The law will not permit one to make a wrong, to which he is a party, the basis for an unjust recovery. The court submitted to the jury the question as to whether the acceptance was conditional for the purpose of issuing bonds, to which plaintiff assented, and, if so found, defendant would not be estopped from showing that the work was not completed, and would be entitled to retain from the contract price an amount sufficient to complete the work in accordance with the contract specifications.

The jury determined this question adversely to plaintiff. We think there was no error in the court's instruction in this respect.

It is next contended that the provision of the contract, requiring plaintiff to reimburse the defendant at the rate of $200 a month for any extra time consumed in the completion of the work, was not a provision for liquidated damages, as held by the trial court in its instructions. If defendant's contention, and the view taken by the court, is sound, it would follow that, if plaintiff had completed all of the work contemplated by the contract, except a single rod or a single yard of the paving or curbing, defendant would be entitled to retain from the contract price $200 a month for the extra time in which the insignificant part of the work remained uncompleted, although the uncompleted part of the work could be done at the cost of a few dollars. There is no evidence in the record to show what damage, if any, the defendant sustained by reason of the mere delay in completing the work within the time specified.

The amount stipulated in a contract to be recovered for a breach thereof may be either a penalty or a provision for liquidated damages. Frequently it is difficult to determine whether it is one or the other. If the damages arising from a breach of the contract are difficult of ascertainment or admeasurement, and if the stipulated amount is not disproportionate to the amount of damages that may be reasonably anticipated from the breach, it will usually be regarded as a provision for liquidated damages. On the other hand, if the damages may be easily and readily ascertained, and if the amount stipulated is more than sufficient to compensate for the breach, it will be regarded as a penalty.

In *Brennan v. Clark,* 29 Neb. 385, it was held: "In construing a contract to determine whether or not a provision therein for the payment of a stipulated sum in case of default by one of the parties is to be considered as a penalty or liquidated damages, the court will consider the

subject-matter, the language employed, and the intention of the parties. If the construction is doubtful, the agreement will be considered a penalty merely. If damages result from the performance or omission of acts, which damages are certain or can be ascertained by evidence, the stipulated sum is considered as a penalty; but where the acts or omissions occasioning damages are not susceptible of measurement by a pecuniary standard, the sum stipulated ordinarily will be regarded as liquidated damages.

"A provision in a building contract that the contractor shall pay a stipulated sum per day after a certain date if he failed to complete the building at the time designated is in the nature of penalty and not liquidated damages."

In *Gillilan v. Rollins*, 41 Neb. 540, it was held: "When parties to a contract stipulate that in case of a violation thereof the party making default shall pay to the other a stipulated sum, the courts will take the sum so fixed as the innocent party's measure of damages only when it appears that to do so will no more than compensate his losses.

"But in such case if the taking as the measure of damages the sum fixed in the contract to be paid for its breach will more than compensate the innocent party, the court will regard such sum as a penalty.

"It is not the policy of the law to punish a party for violating his contract, but to compel him to make good to others the losses they have sustained by his default.

"The courts, in determining whether a sum fixed by a contract to be paid for its violation is liquidated damages or a penalty, will take into consideration the subject-matter of the contract, the consideration on which it is based, the intention of the parties, and the language of the contract; but these facts, nor any of them, nor all of them, will not necessarily control the court's construction."

It has been further held by this court that, in determining this question, the subject-matter of the contract,

the consideration, the intention of the parties, all the evidence, facts and surrounding circumstances, and the language and context of the contract must be carefully considered. *Gustin & Co. v. Nebraska Building & Investment Co.*, 110 Neb. 241.

The language in the contract is: To "reimburse" the defendant, which means to pay back, or repay. Evidently, the language used contemplated repayment of such sums as defendant may have been required to expend because of the delay. There is nothing in the record from which it can be inferred that it would be difficult to ascertain and admeasure any damage defendant would sustain by delay. Under the circumstances disclosed by the record in this case, we are constrained to hold that the language in the contract is a provision for a penalty, rather than for liquidated damages, and, as such, cannot be enforced. It follows that the trial court, in determining otherwise, committed error prejudicial to plaintiff.

While not presented for determination in this appeal, we call attention to the fact that a number of witnesses for defendant, who were nonexperts, testified that sufficient clay binder to make a compacted gravel job was not used, but they do not testify that 15 per cent., the amount required by the specifications, was not used. It is evident that if the amount of binder required by the specifications was used, but it was insufficient to make a properly compacted job, plaintiff would not be responsible therefor, but rather the fault would be that of defendant's engineer, who prepared the specifications. On a retrial of this cause, such evidence should be excluded.

Because of the court's error in instructing with respect to liquidated damages, the judgment of the district court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

REVERSED.