CHARLES L. WILDERMAN ET AL., APPELLEES, V. JOHN J. WATTERS, APPELLANT.

30 N. W. 2d 301

Filed January 2, 1948. No. 32315.

Carl F. Benjamin, for appellant.

Cranny & Moore, for appellees.

Heard before SIMMONS, C. J., PAINE, MESSMORE, YEAGER, and WENKE, JJ., and LIGHTNER, District Judge.

MESSMORE, J.

This is an action in equity, brought by the plaintiffs to require the defendant to specifically perform a contract for the sale of certain real property by executing and delivering to the plaintiffs a warranty deed to the same.

It appears from the record that the plaintiffs had been tenants of the defendant, paying a monthly rental of $22.50, for a period from June 5, 1942, until about October 2, 1944, when the plaintiffs entered into a written contract for the purchase of the property. The provisions of the contract, insofar as the same need be considered here, are as follows: The defendant, party of the first part, agreed to sell and convey to the plaintiffs, parties of the second part, Lot 2, Reinhart's First Addition to the City of Omaha. The plaintiffs agreed to purchase the real estate and to pay the defendant $2,500, $22.50 on the first day of October, 1944, and $22.50 on the first day of each month thereafter until the full sum of $2,500, and interest, had been fully paid. We omit certain printed parts of the contract, and quote therefrom as follows: "As soon as said purchase money and the interest thereon shall be fully paid, time being of the essence of this contract, said party of the first part agree to make, execute and deliver to said

parties of the second part, a good and sufficient warranty deed conveying said real estate to them in fee simple, * * *."

Endorsed on the contract prior to the time of its delivery by the defendant to the plaintiffs is the following: "Buyer takes house in its present condition and subject to O.P.A. Regulations. Interest is 6/10ths per month. This means that the interest the first month will be $15.00. This interest will lower 60 cents each time you pay in enough to get credit for $100.00 on the principal. Watters (defendant) will furnish abstract when house is ⅓ paid for if you want abstract at this time bringing it to date will be at your expense. Watters will furnish deed and take back mortgage at same interest rate when house is ½ paid for."

It appears from the record that the plaintiffs procured a loan to make certain repairs on the house, and paid nothing down on the contract here being considered. Further, the plaintiffs endeavored to, and were able to, procure a loan to pay off the full amount of the contract and to tender to the defendant the full amount plaintiffs claim due under the contract, and demanded that the defendant give the plaintiffs a good and sufficient warranty deed to the property. The defendant refused to accept the tender.

The defendant's testimony is to the effect that he sold the property in question to the plaintiffs at a lesser price than the property was worth, and that the terms of the contract were thoroughly explained to the plaintiffs prior to the time they signed the contract.

The trial court decreed and adjudged that the plaintiffs were entitled to specific performance of the written agreement commonly called a land contract, and directed the defendant to execute and deliver to the plaintiffs a warranty deed in compliance with the terms of the written agreement, upon the payment of the balance due and owing to the defendant; and further directed that the defendant furnish a written statement

to the plaintiffs as to the amount due on any date which the plaintiffs desire to pay the balance due on the written agreement; and retained jurisdiction to determine the amount due on the land contract. From this decree and judgment the defendant appeals.

For convenience, the appellant will be referred to as the defendant and the appellees as the plaintiffs.

The sole question for determination is whether or not the terms of the land contract here being considered give the plaintiffs (vendees) the right to pay the purchase price in full at any time.

"The interpretation of a contract is the determination of the meaning attached to the words 'written or spoken' which make the contract." 12 Am. Jur., § 226, p. 745.

The cardinal rule in the interpretation of a contract is to ascertain the intention of the parties, and to give effect to such intention if it can be done consistently with legal principles. In construing contracts the court's sole duty is to ascertain what was meant by the language of the instrument. See Shepard v. Shepard, 145 Neb. 12, 15 N. W. 2d 195.

It is well established, "In the interpretation of a writing which is intended to state the entire agreement, preliminary negotiations between the parties may, however, be considered in order to determine their meaning and intention, but not to vary or contradict the plain terms of the instrument." 12 Am. Jur., § 234, p. 757.

With the foregoing legal principles in mind, we analyze the contract to mean that the plaintiffs are to pay $22.50 per month, starting at a certain time, and to continue to pay such amount per month until the full amount has finally been paid; that there is no acceleration clause in the contract that would permit the plaintiffs to pay under any different conditions. The clause in the contract, "As soon as said purchase money and the interest thereon shall be fully paid, time being of the essence of this contract, said party of the first

part agree to make, execute and deliver to said parties of the second part, a good and sufficient warranty deed", means nothing more than it states. It is true, in an ordinary contract for the sale of land, equity does not regard time as of the essence, though it may be made such where so expressly stipulated or an intention that it shall be such is clearly manifested by the agreement as a whole, construed in the light of the surrounding circumstances. See Wimer v. Wagner, 323 Mo. 1156, 20 S. W. 2d 650, 79 A. L. R. 1231.

"If it appears that it was the intention to make time of the essence, it will be so regarded. If time becomes material to the rights and interests of the parties to any substantial degree, it will be regarded as of the essence." 12 Am. Jur., § 308, p. 864.

Parol evidence is admissible to show that at the time of making a contract time was considered as of the essence, at least when such evidence does not tend to vary or impeach the written agreement. See Waterman on the Specific Performance of Contracts, § 459, p. 630; King v. Ruckman, 20 N. J. Eq. 316, 354. The rule is at least applicable when and insofar as extrinsic aids to construction of that general character may be resorted to. See Wimer v. Wagner, *supra.*

We find no ambiguity in the contract in question, with reference to the payments and when the same are to be made, that would warrant this court in construing the contract other than has been construed in this opinion.

For the reasons given in this opinion, the judgment of the district court is reversed, and the case dismissed.

REVERSED AND DISMISSED.

CHAPPELL, J., participating on briefs.