GLENN KEAR ET AL., APPELLANTS, V. VERNON HAUSMANN ET AL., APPELLEES.

41 N. W. 2d 850

Filed March 16, 1950.   No. 32746.

*Bernard Ptak,* for appellants.

*Hutton* and *Mueting,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

Glenn Kear and Ruth E. Kear brought this action against Vernon Hausmann and Irene Hausmann. The action was brought in the district court for Madison County and the petition was filed on April 8, 1949. The purpose of the action is to quiet plaintiffs' title, as joint tenants with right of survivorship, in and to a certain 80 acres of land in Madison County as against any and all claims of the defendants.

Defendants, by cross-petition, set up a contract which they had entered into with the plaintiffs for the purchase of said lands. They alleged a mutual mistake was made in drafting said contract with reference to the payment of a part of the purchase price and asked reformation thereof accordingly and for the right to perform the contract when so reformed.

The court found for the defendants on their cross-petition, decreed reformation, and granted defendants specific performance of the contract as reformed. Plain-

tiffs filed a motion for new trial and, from the overruling thereof, have appealed the matter to this court.

If the facts justify the trial court's action then the decree entered is proper for as stated in Smoke v. Pope, 119 Neb. 432, 229 N. W. 330: "Equity may reform a contract for the purchase of land so as to include terms upon which the parties definitely agreed and may also require specific performance of the contract as reformed."

The action being equitable in its nature, the appeal brings the matter here for our consideration of the record de novo. See Shurtleff v. Pick & Co., 103 Neb. 414, 172 N. W. 46, and section 25-1925, R. R. S. 1943.

The record discloses that the appellants, Glenn Kear, who is single, and Ruth E. Kear, his widowed mother, were the owners of the west half of the northeast quarter of Section 14, Township 23 North, Range 1 West of the 6th P. M., in Madison County, Nebraska, as joint tenants with right of survivorship; and that on February 23, 1949, they entered into a contract for the sale of these premises with the appellees, Vernon Hausmann and Irene Hausmann, who are husband and wife. The consideration for the sale was $6,000. With reference to the payment of the purchase price the contract, insofar as here material, provides as follows: "Two hundred Dollars ($200.00) upon the signing of this contract, receipt of which is hereby acknowledged; One thousand eight hundred dollars ($1800.00) on or before April 1st, 1949, and the balance due in the sum of $4000.00 to be paid by the parties of the second part executing and delivering to the parties of the first part a real estate mortgage in said sum of $4000.00 on the above described premises * * *."

Appellees went into possession of the premises pursuant to the terms of the contract but failed to make the payment of $1,800 payable on or before April 1, 1949. Subsequently they made a tender thereof on May 24, 1949. Appellants refused to accept the tender when made.

The contract further provides: "The parties hereto

further agree that time is the essence of this contract, and that if said second parties shall fail to pay to said first parties the balance due under the terms of said contract, that this contract shall thereupon be cancelled and all payments made hereon shall be kept by said first parties as liquidated damages for the breach by said second parties under the terms of this contract."

The appellees, in their cross-petition, contend that the parties agreed, with reference to the payment of the $1,800, that it should be paid on April 1, 1949, or as soon thereafter as the corn of the appellees could be shelled and sold but, because of a mutual mistake, the agreement failed to so provide. In their cross-petition they ask that the contract be reformed accordingly by inserting therein, with reference to the payment of the $1,800, the following provision: " 'or as soon thereafter as second parties' corn can be shelled and sold.' " The trial court reformed the contract accordingly.

The evidence shows that appellees, because of weather conditions, were not able to get their corn out of the field until about the first of May and could not get it shelled, hauled, and sold until shortly before they made the tender of $1,800 on May 24, 1949, which tender they renewed in court at the time of trial. It was again refused by appellants at the time of the trial.

The negotiations for the sale of the premises, the drafting of the contract, and the execution thereof, except the signing thereof by appellant Ruth E. Kear, all took place in the office of Mapes and Mapes in the city of Norfolk, Nebraska, on February 23, 1949. Ruth E. Kear is crippled and, because of that fact, did not go up to the office but remained in a car. After the contract had been drafted and signed by the others it was taken to her and she then signed it in the presence of her son and Robert Powers.

The following were present in the office of Mapes and Mapes at the time the negotiations for the sale of the premises were had: Glenn Kear, Vernon Hausmann,

Irene Hausmann, George Hausmann, Rose Hausmann, Leonard Gourley, Hans Rohwer, Robert Powers, and the stenographer who typed the contract. George Hausmann and Rose Hausmann are the parents of appellee Vernon Hausmann. Robert Powers, who has his place of business in the office of Mapes and Mapes, drafted the contract after the parties had advised him of the terms to be placed therein.

The evidence shows that in the selling of the land Glenn Kear was acting as agent for his mother and Leonard Gourley was acting as agent for the Kears. In considering their actions we shall take into consideration the principle that when the relation of agency exists the principal will be liable to third persons for all acts committed by the agent in his or her behalf in the course of and within the actual scope of their authority. See 3 C. J. S., Agency, § 231, p. 138.

In Beckius v. Hahn, 114 Neb. 371, 207 N. W. 515, 44 A. L. R. 73, we said: "In equity, the reformation of an instrument has the effect of making it express the real intent of the parties. The rights of the parties are measured by the instrument as originally intended, and the effect of the reformation, as a whole, should be to give all the parties all the rights to which they are equitably entitled under the instrument which they intended to execute."

With reference to the right thereto we held in Paine-Fishburn Granite Co. v. Reynoldson, 115 Neb. 520, 213 N. W. 750, that:

"In a proceeding to reform a contract on the ground of mutual mistake, the burden of proof is on the party interposing that plea.

"A preponderance of evidence sufficient to justify reformation of a written instrument requires proof that is clear, convincing and satisfactory.

"A mistake for which a written instrument will be reformed must be mutual.

"A mutual mistake is one common to both parties, each laboring under the same misconception."

The evidence shows that while the parties were negotiating the terms of the sale that Glenn Kear, who will hereinafter be referred to as Kear, was advised of the fact that outside of the $200, which the appellees then had to apply on the contract, appellees would have to raise the balance of the purchase price to be paid in cash from the sale of their share of the 1948 corn crop. Appellees were farming on shares and part of their 1948 corn crop was still in the field due to weather conditions which had prevented their picking it. Appellees advised Kear they thought they could get the corn out of the field by the first of April but asked Kear if they didn't if it would be all right with him if they paid it after that date provided they paid the $1,800 as soon as they could get the corn picked, shelled, and sold. Kear advised appellees that would be all right.

Powers testified that the terms of the contract were given to him in the presence of all the parties; that such terms did not include the provision which appellees now contend was intended to be included therein; and that he drafted the contract in accordance with the instructions given him and consequently did not include such a provision.

After the contract had been drafted, but before it was executed, copies thereof were given to the parties and read by Vernon Hausmann's father, mother, and wife. The evidence establishes that appellees were fully aware of the provisions in the contract relating to when they were required to pay the $1,800 and the fact that the contract contained no such provision as is now sought to be inserted therein by reformation. Vernon Hausmann's father informed Vernon of the provisions in the proposed contract relating thereto and the effect thereof. With this knowledge on their part the appellees executed the contract. Why no objection was made at the time is not apparent. With the knowl-

edge appellees had of what the contract contained when they signed it they cannot be said to have been laboring under any misconception of what the contract provided in regard thereto. Consequently they are not now in a position to ask equity to help them out of a position into which they knowingly and voluntarily entered, although it apparently is not in accordance with the understanding they reached during the negotiations. We do not find the facts entitle the appellees to reformation of the contract and that the trial court was wrong in so ordering.

In regard to the provisions of the contract relating to time being the essence thereof and failure to pay the balance entitling the seller thereof to a cancellation and forfeiture of the payment made as liquidated damages we have held in Whiteman v. Perkins, 56 Neb. 181, 76 N. W. 547: "A contract of sale and purchase of real estate, in which the time in relation to deferred payments of the purchase price is made of the essence of the contract, and a forfeiture provided for non-performance, may be enforced in accordance with the terms of the express stipulation." See Edgar v. Anthes, 109 Neb. 546, 191 N. W. 682; Yant Construction Co. v. Village of Campbell, 123 Neb. 360, 243 N. W. 77; Wilderman v. Watters, 149 Neb. 102, 30 N. W. 2d 301; Dodge v. Galusha, 151 Neb. 753, 39 N. W. 2d 539; and Abbas v. Demont, *ante* p. 77, 40 N. W. 2d 265.

In Dodge v. Galusha, *supra*, we quoted from Gilbert v. Union Pacific R. R. Co., 79 Neb. 160, 112 N. W. 359, as follows: "Where a contract for the sale of real estate provides that time and punctuality are material and essential ingredients in the contract, and the non-payment of an instalment of the purchase price shall forfeit the purchaser's rights therein, and that the vendor shall thereupon have the right to take possession of the property, such default of itself operates as a forfeiture, and the vendor is not required to give notice to the purchaser."

The facts of this case entitle the appellants to the relief for which they prayed.

The decree of the trial court is reversed with direction to the trial court to enter a decree in favor of the appellants.

REVERSED AND REMANDED WITH DIRECTIONS.