AGNES T. BUDDE ET AL., APPELLEES, v. RAY ANDERSON, ALSO KNOWN AS RAY A. ANDERSON, APPELLANT, IMPLEADED WITH JOHN R. CHALOUD ET AL., APPELLEES.

58 N. W. 2d 204

Filed April 24, 1953. No. 33274.

*Shackelford, Spittler & Emmert,* for appellant.

*Paul J. Garrotto* and *James A. Nanfito,* for appellees Budde.

*John C. Mullen,* for appellee Chaloud.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action by Agnes T. Budde and Richard H. Budde, husband and wife, plaintiffs, against Ray Anderson, also known as Ray A. Anderson, John R. Chaloud, Frank Haney, Jr., Harold Jespersen, Haney-Jespersen, Inc., a corporation, and G. C. Hall, first and real name unknown, defendants, to quiet title in plaintiffs to the west 15.9 feet of Lot 6 and all of Lot 7 in Block 8 in Gramercy Park Addition to the City of Omaha, Doug-

las County, Nebraska. The defendants Chaloud and Anderson filed answers but the other defendants did not. Further reference herein to the defendants not answering is not required. John R. Chaloud died September 6, 1952, and the action as to him was revived in the name of Delmer L. Chaloud, executor, on December 20, 1952.

A trial was had to the court and a decree was rendered quieting title in the plaintiffs as prayed. The defendant Anderson filed a motion for new trial which was overruled. From the decree and the order overruling the motion for new trial the defendant Anderson has appealed. The plaintiffs and the defendant Chaloud are appellees herein. Hereinafter the plaintiffs will be referred to as plaintiffs; Anderson as appellant; and the appellee Chaloud by name.

By their petition the plaintiffs alleged that they purchased the real estate described from Chaloud on March 26, 1946, and received a warranty deed which was duly recorded; that the appellant claimed some interest in the real estate by virtue of a lease and option to purchase from Chaloud; but that there was no such lease or option.

To the petition the appellant filed a general denial. He did not pray for any affirmative relief.

Chaloud filed an answer in which he substantially admitted the allegations of plaintiffs' petition. In addition thereto he specifically denied that he ever gave the appellant an option to purchase the real estate. He prayed for no affirmative relief.

The question for first consideration is that of whether or not there was in existence a valid option. That matter was given due consideration by the district court and there it was specifically determined that no valid option existed. That determination is of course not binding on this court. This being a suit in equity it is the duty of this court to try the case de novo and reach an independent conclusion as to what findings are re-

quired under the pleadings and evidence, however, where the evidence is in irreconcilable conflict this court will, in determining the weight of the evidence, consider the fact that the trial court observed the witnesses and their manner of testifying, and must have accepted one version of the facts rather than the opposite. § 25-1925, R. R. S. 1943; Kear v. Hausmann, 152 Neb. 512, 41 N. W. 2d 850; Cain v. Killian, *ante* p. 132, 54 N. W. 2d 368.

There is in evidence an instrument claimed by the appellant to have been signed by Chaloud by the terms of which the appellant was granted an option to purchase the real estate. The execution of this instrument is denied by Chaloud and the plaintiffs.

On October 28, 1931, Chaloud leased this real estate and other real estate immediately to the east to appellant for a term of 10 years. This lease of course expired on October 28, 1941.

The questioned option was purportedly executed on September 3, 1941, which was before the expiration of the 10-year lease. It is as follows:

"LEASE RENEWAL AGREEMENT WITH OPTION TO BUY.

"It is mutually understood and agreed between John Chaloud, his heirs, and assigns (Owners of lots 5. 6 and 7 of block 8 Gramercy Park addition to the City of Omaha, County of Douglas, State of Nebraska.) and Ray Anderson, his heirs and assigns that lease agreement entered into on the 28th day of October, 1931 shall be renewed for another equal term of time and for as manny future terms of time that xxxx Ray Anderson, his heirs, and assigns shall wish to have the same in force and effect. It is further agreed that Ray Anderson, his heirs and assigns shall have the option of buying all of lots 5, 6 and 7 of Block 8 Gramercy Park addition to the City of Omaha, County of Douglas, State of Nebraska at any time for the sum of $10,000.

Dated: September 3rd, 1941.     Signed: J. R. Chaloud"

It is to be observed that this instrument has been

neither witnessed nor acknowledged.

The appellant testified that the instrument was drawn by him personally; that he typed it in duplicate in the presence of Chaloud who signed this copy; that the other copy was not signed by Chaloud; and that appellant did not sign the other copy on the line for signature but at another place thereon he accepted it in writing and delivered it to Chaloud.

Chaloud does not deny that the handwriting on the instrument is his but he says that he never knowingly or intentionally signed the completed instrument.

The contention of plaintiffs and Chaloud in this connection is that the instrument as presented was written after the signature was appended and therefore amounts to a forgery. This of course is denied by appellant.

No fact or circumstance is disclosed in the evidence except the bare fact of the signature on the instrument and the testimony of appellant to discredit the testimony of Chaloud.

On the other hand there is much in the record to cast a shadow upon the veracity of the appellant. In 1931 when the lease was drawn Chaloud insisted that it be drawn by a lawyer. Appellant had it so drawn. It was acknowledged. Is it reasonable to assume that Chaloud at this time would have been willing to enter into this larger engagement with this lack of formality and legal guidance?

There is evidence directly and by inference that appellant after 1941 occupied certain of this property not under a written lease but under a month to month tenancy. In this connection it should be pointed out that appellant never did occupy all of the property. Appellant gave testimony as to a discussion with Chaloud regarding the rate of rent he was paying for the portion occupied by him as compared with the rate Chaloud exacted from other tenants. This of course is inconsistent with the claim that he was lessee of the entire property.

Then there is the circumstance that though the alleged option was taken in September 1941 no legal effort had been made to exercise it even as late as the time of trial in this case. It is true that appellant by letter to plaintiffs stated that he was exercising his option to purchase that portion of the real estate described in the so-called option which is the subject of this action and he tendered a check in the amount of $727.27 which was refused. He proposed with the tender conditions not included in the so-called option which were also refused. He however has never unconditionally tendered the purchase price of $10,000. This record fails to disclose that any kind or character of demand has been made upon Chaloud, the other alleged contracting party, for performance under the option. Though Chaloud is a party to this action and the legal existence of the instrument is the basis of the controversy here the appellant seeks no affirmative relief in connection therewith either against the plaintiffs or Chaloud.

These circumstances are discussed here not for the purpose of determining, if appellant had a valid option, whether or not he has taken the proper and necessary steps to preserve and protect it, but for the bearing which they have upon the credence to be given the testimony that the alleged option is a valid instrument. Is it not reasonable to infer that if appellant sincerely considered this a valid instrument he would have been willing to submit that issue and all of his right thereunder for determination in this case? This, it is apparent, he has been unwilling to do.

An examination of the instrument itself discloses at least one matter of considerable significance. Under the signature appears a line evidently made by the typewriter. Some portions of the signature extend below this line. An expert in the examination of questioned documents gave testimony that the line was placed on the document after the signature since the line is over and not under those portions of the letters extending

beneath it. An expert called by appellant testified to the contrary. Our examination convinces us that the testimony in behalf of plaintiffs in this respect is entitled to greater weight than that in opposition thereto.

A reasonable inference to be drawn from this is that the typewritten portion of the instrument was placed thereon after the signature of J. R. Chaloud had been written thereon. If this is true then the instrument is fraudulent and a forgery.

Taking into consideration all of the evidence and the reasonable inferences to be drawn therefrom we conclude, as did the district court, that it has been shown preponderantly that the instrument whereby appellant claims a renewal lease and option to purchase the real estate in question is a nullity and of no force and effect.

This conclusion renders unnecessary a consideration of any other questions raised by the appeal.

The decree of the district court is affirmed.

AFFIRMED.