O. C. HIRSCH CONSTRUCTION CO., APPELLEE, v. THURE E. PETERSON ET AL., DOING BUSINESS UNDER THE STYLE AND TRADE NAME OF PETERSON CARPET CO., APPELLANTS.

92 N. W. 2d 694

Filed November 7, 1958. No. 34407.

*Towle, Young & McManus, Carl H. Peterson,* and *Emory P. Burnett,* for appellants.

*Wagener, Marx & Galter,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

In this action plaintiff sought in his first cause of action to recover the balance due on a written contract and on his second cause of action to recover an amount alleged to be due based on the reasonable value of materials and services furnished. Issues were made and trial was had resulting in a verdict for plaintiff on both causes of action. The verdict on the second cause is not involved in this appeal. That cause will not be mentioned further here. The refusal of the trial court to admit and permit the jury to consider certain evidence is the basis for the attack on the verdict in the first cause of action.

We affirm the judgment of the trial court.

Plaintiff O. C. Hirsch is an individual doing business under the name of O. C. Hirsch Construction Co. Defendants are Thure E. Peterson and Elva Peterson doing business as Peterson Carpet Co. They will be referred to herein as defendants or Mr. or Mrs. Peterson, as occasion requires.

The petition alleges that on or about July 16, 1956, defendants entered into a contract with the procurement officer of the Lincoln Air Force Base for the installation of asphalt tile in some barracks. On July 18, 1956, plaintiff, as a subcontractor with the defendants, agreed to do a certain part of the work for the sum of $49,688.91. Plaintiff alleged full performance and part payment and prayed for a recovery of a balance allegedly due on the contract. Defendants by answer denied generally; admitted that an agreement was entered into between plaintiff and defendants for work to be done at the air base, and that the work was partially done; and alleged that any and all amounts due plaintiff had been paid. Defendants prayed for a dismissal of the action.

The subcontract and specifications are in evidence. Plaintiff by the subcontract agreed to do four specific items of work for the consideration of $49,688.91. Only two of the four provisions are involved in this appeal. They are as recited in the contract:

"TP 1-03 General (c.)

"TP 1-04 Materials (2) Base."

The material part of TP 1-03 here involved as taken from the "Technical Provisions" of the specifications, is: "Remove base shoe where tile installed and replace same, after tile installation." TP 1-04 is: "Base: Unless otherwise indicated on the drawings existing base and shoe shall be used."

The evidence shows that the base is the strip of board along the wall which is in contact with the floor. The base shoe is a quarter round narrow strip placed above the floor and against the base.

The evidence shows that the plaintiff removed the base shoe and after tile was installed replaced the same. His work was accepted as being satisfactorily performed by the proper air base official, and defendants were paid therefor.

The dispute arises because of this situation: It appears that the plans and specifications originally contemplated removal of the base and base shoe and the installation of a different wall covering. This was changed before the contract was let and both the plaintiff and defendants knew it.

On June 16, 1956, at Mr. Peterson's request, plaintiff submitted an itemized estimate for each barracks which included "Replacing base & shoe * * * 228.80" which multiplied by 27 (the number of barracks) makes the $6,177.60 involved here.

The specifications were then changed so as to provide for the removal of the "base shoe * * * and replace same, * * *." Nevertheless after the contract with the procurement officer had been signed by the defendants, defendants, in the changed language above re-

cited, entered into a subcontract with plaintiff for the one amount to cover all the work he was obligating himself to do. The figures of the estimate of each of 10 items in nowise enter into the consideration of the subcontract except insofar as they form the basis for the total subcontract price.

The trial court at first admitted and then struck the estimate from the record and instructed the jury to disregard it. Defendants assign the ruling as error.

The rule is: In the interpretation of a writing which is intended to state the entire agreement, preliminary negotiations between the parties may be considered in order to determine their meaning and intention, but not to vary or contradict the plain terms of the instrument. Wilderman v. Watters, 149 Neb. 102, 30 N. W. 2d 301. See, also, Sofio v. Glissmann, 156 Neb. 610, 57 N. W. 2d 176.

In Stillinger & Napier v. Central States Grain Co., Inc., 164 Neb. 458, 82 N. W. 2d 637, we said: "This court has recognized and applied the doctrine of admissibility of preliminary negotiations subject to the limitation that plain terms of the writing resulting therefrom may not be varied."

Here it is patent that defendants would vary the plain terms of the subcontract, pleaded and proven. It calls for the payment of $49,688.91 for the performance of the covenants of the agreement. Defendants, so far as this item is concerned, would have the subcontract provide for the payment of $49,688.91 less $6,177.60. The trial court did not err in its ruling in the matter.

The subcontract between the plaintiff and defendants further provided: "That the Contractor or his superintendent shall have the right to order in writing the omission of the parts of the work, or materials as omitted from the general contract on the above named project by the architect and/or Owners; and that fair deductions shall be made in the contract price for such omitted work or materials; * * *."

Defendants offered in evidence a copy of a letter to

plaintiff dated July 19, 1956, reciting: "This letter will notify you that there was an error made on the original contract. Full credit will be taken for base and shoe which will not be furnished. Your revised figure will read $43,511.31."

Mr. Hirsch testified that he never received the letter. Defendants argue here the presumption of delivery based on evidence of mailing. The trial court first admitted and then struck the evidence from the record. Defendants assign it as error. It is an obvious attempt to correct "an error" in the amount of the subcontract. There was no contention that the reduction in the subcontract price was because of the "omission of * * * work * * * from the general contract * * *." The work here involved was never included in the general contract or the subcontract. The contention requires no further comment. Error is not shown.

There are subsidiary assignments of error which rest upon the premise that the above discussed assignments are meritorious. They do not require discussion.

The judgment of the trial court is affirmed.

AFFIRMED.